UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA MICHAEL HOLFORD , <br><br> Plaintiff, <br><br> v. <br><br> PIERCE COUNTY JUDICIAL SERVICE , <br><br> Defendant. | CASE NO.  3:23-cv-05274-TL-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, Joshua Michael Holford, a Pierce County Jail detainee filed a *pro se* 42 U.S.C. § 1983 civil complaint alleging Defendant, "Pierce County Judicial System," violated his rights by conducting a criminal court omnibus hearing in an unconstitutional manner. Plaintiff seeks $100,000,000 million dollars in damages. Dkt.1. The language of Plaintiff's complaint is virtually a carbon-copy of the complaints filed by other plaintiffs at the Pierce County Jail. *See e.g., Law v. Pierce County Judicial System,* 3:23-cv-5244-BHS, *Wager v. Pierce County Judicial System,* 3:23-cv-5174-RAJ, *Benson v. Pierce County Judicial System*, 3:23-cv-05243-JLR; *Lopez-Aviles v. Pierce County Judicial System*, 3:23-cv-5254-JHC; *Feliciano v. Pierce County Judicial System*, 3:23-cv-5277-JNW and; *Webb v. Pierce County Judicial System,* 3:23-cv-5277-MJP.

Under 28 U.S.C. § 1915A(a), the Court must screen complaints filed by detainees and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or

REPORT AND RECOMMENDATION - 1

1  fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a
2  defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v.*
3  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

4        The Court has reviewed the complaint and recommends **DISMISSING** the case because
5  the named Defendant "Judicial System" is immune from § 1983 liability, and the complaint
6  appears to challenge an ongoing state criminal matter in which the Court must abstain from
7  interfering with under *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). These deficiencies cannot
8  be cured and leave to amend should thus be denied. Additionally, Plaintiff filed the complaint
9  without paying the filing fee or applying to proceed *in forma* pauperis (IFP). Plaintiff was
10 advised that if he did not submit a sufficient IFP application or pay the filing fee by May 3, 2023,
11 the complaint may be dismissed. As of this date, Plaintiff has done neither. For these reasons, the
12 Court recommends dismissing the complaint.

13                     **DISCUSSION**

14       A.      **The Complaint**

15       The complaint accuses Pierce County Judicial Process Courts of multiple due process
16 violations. Plaintiff seems to alleges that Washington State Superior Court omnibus hearings
17 held under criminal rule 4.5 involve multiple constitutional rights; the Pierce County Superior
18 Court implemented COVID-19 safeguards diminishing those rights; Plaintiff's 14th amendment
19 due process rights were violated because he was restrained from attending the omnibus hearing;
20 and Plaintiff's inability to attend the omnibus hearing in person violates the Eighth Amendment,
21 equal protection clause and the Sixth Amendment right to effective counsel.
22       The language of Plaintiff's complaint is virtually a carbon-copy of the complaints filed
23 by other plaintiffs held in the Pierce County Jail. *See e.g., Law v. Pierce County Judicial System,*

y

3:23-cv-5244-BHS, *Wager v. Pierce County Judicial System,* 3:23-cv-5174-RAJ, *Benson v. Pierce County Judicial System*, 3:23-cv-05243-JLR; *Lopez-Aviles v. Pierce County Judicial System*, 3:23-cv-5254-JHC; *Posada v. Pierce County Judicial System*, 3:23-cv-5291-TL; *Dummer v. Pierce County Judicial System,* 3:23-cv-5322-RJB; and; *Webb v. Pierce County Judicial System,* 3:23-cv-5277-MJP.

B.     **Legal Standards**

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

C.     **Judicial Immunity**

Plaintiff names as the sole defendant, the "Pierce County Judicial System." To the extent Plaintiff seeks to sue the Pierce County Superior Court over the manner in which his omnibus hearing was conducted, Courts that are state agencies have sovereign immunity from suit under the 11th Amendment. *Will v. Michigan Dep't of State Police*, 520 U.S. 43, 69 (1997); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). The Pierce County Superior Court is a state agency, established by the Washington State Constitution and funded by the state government. *See* Wash. Const. art. IV, §§ 1.6; *City of Spokane v. Marquette*, 146 Wash. 2d 124, 135 (2002) (en banc). Thus, if this action is brought against the Pierce County Superior Court, the action should be dismissed because the Court is immune from suit.

To the extent Plaintiff seeks to sue the Superior Court Judge or Judges who presided over his criminal ominibus hearing, the state court judges are also immune from suit. Plaintiff claims the Court conducted his criminal omnibus hearing in a way that violated his civil rights. However, setting and conducting a state court criminal hearing is an action that falls within a state court judge's judicial capacity, and state court judges are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225, 108 S. Ct. 538 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526-27, (1985). Accordingly, no action lies against any superior court judge in regards to the manner in which Plaintiff's omnibus hearing was conducted.

And lastly to the extent Plaintiff seeks to sue other officers of the Superior Court, these officers are also immune from suit for actions taken in their official capacity. This includes court clerks, who "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Thus, any court clerk who assisted the Pierce County Superior Court Judge in scheduling the omnibus hearings involved here are immune from suit.

In short, because the complaint seeks damages against defendants who are immune from a suit brought under § 1983. The Court accordingly recommends the case be dismissed with prejudice.

### D. *Younger* Abstention

In addition to suing Defendants who are immune from suit, the complaint also appears to challenge how the Pierce County Superior Court Judge conducted Plaintiff's criminal court omnibus hearing in a criminal proceeding that apparently is still pending before the state court. This Court should thus abstain from considering the alleged claims under *Younger v. Harris*, 401 U.S. 37, 43-46 (1971). The *Younger* abstention doctrine reflects principles of equity and comity. *Id*. The Ninth Circuit applies a four-part test to determine application of *Younger* abstention:

> We must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

REPORT AND RECOMMENDATION - 5

1 *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Under these factors, *Younger* abstention applies here.

First, plaintiff's state court criminal matter appears to be currently pending. Second, the state court proceeding arises out of a criminal prosecution. The nature of the proceeding implicates important state interests as the State of Washington has a strong interest in enforcing its criminal laws. Third, plaintiff either has or could have raised his complaints in his ongoing state court criminal case. Finally, federal adjudication of plaintiff's claims that the Judges or Superior Court judicial system violated his federal rights in the context of his criminal court case would necessarily interfere with the pending state court criminal matter. Accordingly, the interests of equity and comity dictate this Court must abstain from adjudication of plaintiff's claims because all four *Younger* abstention factors are satisfied. Accordingly, plaintiff's claims are subject to dismissal without prejudice pursuant to *Younger*.

In summary, Plaintiff sues Defendants who are immune from suit. His claims should therefore be dismissed with prejudice. Alternatively, as Plaintiff appears to challenge an on-going state criminal prosecution, the Court should abstain from interfering with that prosecution and dismiss the case without prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **May19, 2023**. The Clerk should note the matter for **May 19, 2023**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of May, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7